IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RANDALL M. JOHNSON                                                                                    PLAINTIFF

      v.                          Civil. No. 2:12-cv-02310-PKH-JRM

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                     DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On December 7, 2012, Plaintiff submitted a complaint for filing in this district, together with a request for leave to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. For reasons stated below, the undersigned recommends that Plaintiff's motion be denied.

Federal courts have the statutory authority to permit the commencement of a civil action without prepayment of fees or costs by a person who submits an affidavit that he is unable to pay such costs or give security therefor. 28 U.S.C. § 1915(a). The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have an entre, not a barrier, to the federal courts. *In re Williamson*, 786 F.2d 1336, 1338 (8th Cir. 1986) (quoting *Souder v. McGuire*, 516 F.2d 820, 823 (3rd Cir. 1975)). Although a claimant need not be "completely destitute" to take advantage of the IFP statute, he or she must show that paying the filing fee would result in an undue financial hardship. *Williamson*, 786 F.2d at 1338.

Plaintiff's IFP application reveals that he receives approximately $2,732 per month in service-connected VA benefits and $436 per month in service-connected combat pay. ECF No. 2, at 2. Plaintiff freely owns two vehicles and a bass boat with a trailer. *Id.* He has no dependents. *Id.*

AO72A
(Rev. 8/82)

Nothing in the statute suggests that Veterans' benefits cannot be taken into account for purposes of determining whether a litigant is financially eligible for IFP status. Other federal courts have, in fact, considered Veterans' benefits when determining whether a person is indigent for IFP purposes. *See, e.g., Slupkowski v. Terrell,* No. 08-1081, 2008 WL 3911386, at *2 (D. Minn. Aug. 18, 2008); *Curiale v. Graham,* No. 96-4125, 1997 WL 527659, at *1 (10th Cir. 1997) (unpublished opinion) (district court properly denied IFP application where disabled litigant had "a steady income from social security and veteran's benefits"), *cert. denied,* 522 U.S. 1127 (1998); *Henderson v. Alameda County Medical Center,* No. C 07-02693CW, 2007 WL 3245265, at *1-2 (N.D. Cal. Nov. 2, 2007) (court fees not waived pursuant to § 5301(a)(1) where IFP applicant's "entire income" purportedly came from Veterans' benefits); *Clayton v. Mege,* No. 3:07-CV00118, 2007 WL 846627, at *1 (M.D. Pa. March 19, 2007) (IFP application denied based on applicant's total income, including Veterans' benefits); *Angell v. Discover Bank,* No. 5:04CV427-SPM/AK, 2005 WL 1684413, at *2 (N.D. Fla. July 15, 2005).

In this instance, Plaintiff has not shown that his monthly income of $3,168 is insufficient to allow him to pay the filing fee, nor has he shown that paying the filing fee would create an undue financial hardship. For these reasons, the undersigned finds that a waiver of the filing fee would be inappropriate in this case.

The undersigned recommends that Plaintiff's IFP application be denied and he be required to pay the filing fee of $350.00. **The parties have <u>fourteen</u> days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and**

**specific to trigger de novo review by the district court.**

ENTERED this 10th day of December 2012.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE